

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:10-cr-115 |
|---|---|---|
| | ) | |
| | ) | BILL OF INFORMATION |
| | ) | |
| v. | ) | Violations: |
| | ) | |
| | ) | |
| **RICK LEE PHILLIPS** | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 1956(h) |

THE UNITED STATES ATTORNEY CHARGES:

At the specified times and at all relevant times:

1. Defendant RICK LEE PHILLIPS ("PHILLIPS") owned and controlled Stir, LLC, a nightclub incorporated and doing business in Charlotte, North Carolina, and United Business Concepts, LLC, a financial services firm incorporated in North Carolina.

2. There were several mortgage fraud cells operating in and around Union and Mecklenburg Counties in North Carolina. The mortgage fraud cells primarily targeted, among others, the neighborhoods of Providence Downs South, Woodhall, Chatelaine, Skyecroft, Firethorne, Piper Glen, and Stratford on Providence.

3. PHILLIPS was a promoter for, and a member of, Mortgage Fraud Cell No. 4.

4. The mortgage fraud cells generally operated in the following manner:

   a. One member of the cell would agree with a builder to purchase a property at a set price (the "true price").

   b. The mortgage fraud cell would then arrange for a buyer to purchase the property at an inflated price, which was usually between $200,000 and $500,000 above the true price.

   c. The builder would sell the property to the buyer at the inflated price.

   d. The lender would make a mortgage loan on the basis of the inflated price;

   e. The difference between the inflated price and the true price would be extracted at closing and distributed among members of the cell.

1

5. To induce lenders to make mortgage loans, some participants in the mortgage fraud cells caused loan packages to be prepared and submitted to lenders that contained false and fraudulent representations and half-truths, and omitted or concealed material facts.

Indeed, some loan packages at various times during the course of the scheme:

a. Failed to disclose the true, agreed-upon price;

b. Misrepresented the buyers' income or assets;

c. Misrepresented the buyers' place of employment;

d. Misrepresented the buyers' intent to occupy the home as their primary residence;

e. Misrepresented the true source of the down payment supposedly being provided by the buyer; and

f. Contained false or forged documents.

6. The HUD-1 Settlement Statements associated with such loan packages and real estate closings also contained false and fraudulent representations, half-truths, and omitted or concealed material facts.

Indeed, some HUD-1 Settlement Statements at various times during the course of the scheme:

a. Failed to disclose the true agreed upon price;

b. Falsely stated that the buyer had provided a down-payment when the buyer had not provided a down-payment or would be reimbursed for same;

c. Failed to accurately disclose the true disposition of the mortgage loan proceeds;

d. Fraudulently listed payments to entities controlled by members of the mortgage fraud cell as though such payments were to entities that had financed the building of or had assisted the builder in building the house; and

e. Failed to disclose that the buyer would directly or indirectly receive a portion of the mortgage loan proceeds.

7. The closing attorneys received into their trust accounts the proceeds of the fraud and distributed such proceeds to members of the mortgage fraud cells, who then typically engaged in further financial transactions with such proceeds to further their schemes.

2

# COUNT ONE
## 18 U.S.C. § 371
### (Cell No. 4: Mortgage Fraud Conspiracy)

8. The United States Attorney realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 7 of the Bill of Information, and further alleges that:

9. From in or about December 2006 through in or about April 2007, in Mecklenburg and Union Counties, within the Western District of North Carolina, and elsewhere, the defendant,

## RICK LEE PHILLIPS

did knowingly combine, conspire, confederate, and agree with members of Mortgage Fraud Cell No. 4 and others known and unknown to the United States Attorney, to commit offenses against the United States, including violations of Title 18, United States Code, 1014 (making a false statement in relation to a loan), 1341 (mail fraud), 1343 (wire fraud), and 1344 (bank fraud).

### Manner and Means

10. The defendant and other members of Mortgage Fraud Cell No. 4 carried out the conspiracy in the manner and means described in paragraphs 1 through 7 of this Bill of Information, among others.

### Overt Acts

11. In furtherance of the conspiracy, and to accomplish the objects thereof, PHILLIPS and his co-conspirators committed one or more overt acts in the Western District of North Carolina and elsewhere.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
## 18 U.S.C. § 1956(h)
## (Cell No. 4: Money Laundering Conspiracy)

16. The United States Attorney realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 7 of the Bill of Information, and further alleges that:

17. Beginning in or about December 2006 through in or about April 2007, in Mecklenburg and Union Counties, within the Western District of North Carolina, and elsewhere, the defendant,

### RICK LEE PHILLIPS

did knowingly combine, conspire, confederate, and agree with members Mortgage Fraud Cell No. 4 and others known and unknown to the United States Attorney, to engage in a monetary transactions by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).


EDWARD R. RYAN
ATTORNEY FOR THE UNITED STATES,
ACTING UNDER AUTHORITY CONFERRED BY 28 U.S.C. § 215

*Kurt W. Meyers* (signature)

KURT W. MEYERS
ASSISTANT UNITED STATES ATTORNEY

4